UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

SVETLANA PROKHOROVA, et al.,                          :

                                         :

             Plaintiff,                          :

                                         :   **MEMORANDUM & ORDER**

        -against-                          :   **25-CV-6587 (DLI)(MMH)**

                                         :

BANK OF AMERICA CORP., et al.,                          :

                                         :

            Defendants.                          :

-------------------------------------------------------------------- x

**DORA L.  IRIZARRY, United States District Judge:**

On October 18, 2025, Svetlana Prokhorova and Sergey Prokhorov ("Plaintiffs") filed a verified complaint ("Complaint") in New York State Supreme Court, Queens County ("state court") against Bank of America Corp. ("BAC"), Osama Emara ("Emara"), and John and Jane Doe Employees 1-10 (collectively, "Defendants") alleging negligence, breach of fiduciary duty, negligent hiring and supervision, breach of contract, and violations of New York's General Business Law § 349 arising from a series of large wire transfers initiated by Plaintiffs and facilitated and processed by Defendants to overseas bank accounts in Asia.  *See*, Compl., Dkt. Entry No. 1-1, 2-20.  Plaintiffs filed an Amended Complaint ("Am. Compl.") in state court on November 25, 2025, which is identical to the Complaint in all material respects.  *See*, Am. Compl., Dkt. Entry No. 1-1, 21-30.

On November 26, 2025, Defendants timely removed the action to this Court, invoking the Court's diversity subject matter jurisdiction.  *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1, ¶¶ 7-12.  Defendants concede that at least one named defendant, Emara, is not of diverse citizenship from Plaintiffs, but contend that Emara was fraudulently joined such that the Court maintains diversity jurisdiction over the action.  *Id.* ¶¶ 17-24.  To support their contention that the jurisdictional amount is satisfied, Defendants

rely on the allegations in the Am. Compl., which seek in excess of $463,344.00 in damages. *Id.* ¶ 13. *See also*, Am. Compl., ¶ 36.

On January 5, 2026, Plaintiffs moved to remand this action to state court. *See*, Remand Mot., Dkt. Entry No. 11. Plaintiffs argue that joinder of Emara was not fraudulent because Plaintiffs allege particularized misconduct that satisfies New York's liberal pleading standards. Defendants oppose on the ground that Plaintiffs fail to state a claim as to Emara. *See*, Opp. Mot., Dkt. Entry No. 12. For the reasons set forth below, Plaintiffs' motion is granted, and this case is remanded to state court for further proceedings.

## LEGAL STANDARD

### I.    Diversity Jurisdiction and Removal

"The federal removal statute permits, in relevant part, the removal of a civil action of which the district courts of the United States have original jurisdiction." *Springer v. Parker Jewish Inst. For Healthcare & Rehabilitation*, 2023 WL 2330047, at *2 (E.D.N.Y. Mar. 2, 2023) (citing 28 U.S.C. § 1441(a)) (internal quotation marks omitted). Removal jurisdiction must be strictly construed, and the burden of proof lies with the party asserting jurisdiction. *See*, *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Federal courts have original jurisdiction over all civil actions (1) between citizens of different states; and (2) where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Complete diversity is required," meaning that "all parties on one side of the action must be citizens of a different state from each of the parties on the other side." *Castillo v. BJ's Wholesale Club*, 645 F. Supp.3d 85, 89 (E.D.N.Y. 2022). The question of

2

whether the requirements for the exercise of diversity jurisdiction are met is determined by the facts as they existed at the time of removal. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000). The removing party has the burden to show complete diversity between the plaintiffs and defendants. *Id.* at 295-96.

## II.    Fraudulent Joinder

"Under the doctrine of fraudulent joinder, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Castillo*, 645 F. Supp.3d at 89 (internal quotation marks omitted). A removing defendant bears the "heavy burden" of establishing by "clear and convincing evidence" that a non-diverse defendant was joined fraudulently to destroy diversity. *Butler v. Cigarette Realty Co.*, 2015 WL 7568645, at *2 (E.D.N.Y. Nov. 24, 2015). To sustain its burden, a defendant must show either that: (1) there is outright fraud in the plaintiff's pleadings; or (2) there is "no possibility" that a plaintiff can assert a claim against the non-diverse defendant in state court. *Castillo*, 645 F. Supp.3d at 90.

Where, as here, "there is no allegation of outright fraud," the court's inquiry is limited to "whether recovery is *per se* precluded." *Id.* (citing *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp.3d 668, 672 (E.D.N.Y. 2017)). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is no possibility of recovery is such a finding warranted." *Ehrenreich v. Black*, 994 F. Supp.2d 284, 289 (E.D.N.Y. 2014) (citation omitted). *See also*, *Aparicio v. Uber Technologies, Inc.*, 2023 WL 5287065, at *9 (E.D.N.Y. Aug. 16, 2023) ("In general, there need be only a possibility that a right to relief exists under the governing law to avoid a court's finding

3

of fraudulent joinder, and the plaintiff's ultimate failure to obtain a judgment is immaterial."). In assessing fraudulent joinder, courts also may consider materials outside the pleadings, and all "factual and legal issues and ambiguities must be resolved in the plaintiff's favor." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

## DISCUSSION

### I.      Amount in Controversy

There is no dispute that the amount in controversy exceeds $75,000 as Plaintiffs seek, at minimum, $466,344.00 in damages. *See*, Am. Compl., Dkt. Entry No. 1-1, 26, ¶ 36. This is sufficient to establish the amount in controversy requirement. *C.f. Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

### II.     Diversity of Citizenship and Fraudulent Joinder

Defendants do not dispute that, as pled, complete diversity does not exist in this case. Plaintiffs are citizens of the State of New York. BAC is a citizen of Delaware and North Carolina and Emara is a citizen of New York. However, Defendants assert that the joinder of Emara was fraudulent. As such, they bear the "heavy burden" to show by clear and convincing evidence that there is "no possibility" that Plaintiffs could assert a claim against Emara under New York state law. New York's liberal pleading standards require that a plaintiff need only provide "at least basic information concerning the nature of a plaintiff's claim and the relief sought." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp.2d 380, 394 (S.D.N.Y. 2009).

Defendants contend in their Notice that Plaintiffs cannot state a cause of action against Emara in state court because Plaintiffs cannot show that Emara: (1) owed an independent or fiduciary duty to Plaintiffs; (2) was privy to the contract between Plaintiffs

and BAC; or (3) was engaged in "consumer oriented" activity because the facts alleged describe a "purely private dispute." *See*, Notice.  Plaintiffs failed to address the latter two contentions in their motion to remand. Nonetheless, the Court need not address Defendants' arguments as to these claims because Defendants have failed to demonstrate that there is "no possibility" that Plaintiffs can assert a claim for negligence or breach of fiduciary duty against Emara.

To state a claim for negligence, a plaintiff must plead adequately that: (1) a defendant owed a duty of care as a matter of law to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered damages because of the breach.  *McCarthy v. JP Morgan Chase Bank*, 772 F. Supp.3d 298, 314 (E.D.N.Y. 2025).  Typically, relationships between an accountholder and a bank are contractual in nature, and any duty owed to an accountholder must be independent of those created by contract.  *Id.*  However, a negligence claim may lie if a plaintiff alleges sufficient facts to demonstrate the existence of a "special relationship apart from the ordinary debtor/creditor relationship." *Nay ex rel. Thiele v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2006 WL 2109467, at *4 (S.D.N.Y. July 25, 2006) (citing *Bauer v. Mellon Mortgage Co.*, 178 Misc.2d 234, 240 (N.Y. Sup. Ct. N.Y. Cnty. 1998)).

Defendants counter that the pleadings fail to support a claim for negligence against Emara, contending that Plaintiffs do not allege that: (1) Mr. Emara specifically was assigned to Ms. Prokhorova; (2) he was the sole employee authorized to handle her transactions; or (3) he offered unique advice. *See*, Opp. Mot. at 8.  Defendants have not met their burden.  They conflate whether a negligence claim against Emara is possible with whether Plaintiffs have pled adequately such a claim.  *See*, *MBIA Ins. Corp.*, 706 F.

5

Supp.2d at 399 ("Thus, while Plaintiffs[] … may not have included specific factual allegations that would support an alter ego theory of breach of contract, Defendants have not established, as a legal or factual matter, the impossibility of Plaintiffs making out such a claim. This alone defeats Defendants' removal.").

The court's role in assessing fraudulent joinder is to determine whether it is possible for a plaintiff to assert a claim against a defendant in state court, not to assess the strength of a plaintiff's claims. *See*, *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). *See also*, *MBIA*, 706 F. Supp.2d at 396 ("[T]he inquiry remains whether Plaintiffs have a possibility of asserting such claims, not whether Plaintiffs are likely to succeed on these claims on the merits."). Defendants point to no statute, case law, or any other authority to suggest that negligence claims against an employee of a bank are precluded *per se*. Notably, at this juncture, the Court need not assess whether Plaintiffs would survive a motion to dismiss. *See*, *In re Fosamax Products Liability Litig.*, 2009 WL 3109832, at *2 (S.D.N.Y. Sept. 28, 2009) (reasoning that when assessing fraudulent joinder, "[a] court lends more lenient scrutiny to [a] plaintiff's claims than it would if it were ruling on a motion to dismiss"). Because the Court must resolve all ambiguities in the plaintiff's favor, and given the exceedingly permissive pleading standard under New York state law, the Court cannot conclude that there is "no set of facts on which" Plaintiffs could recover from Emara. *Id. See also*, *Battaglia*, 249 F. Supp.3d at 673.

The same is true for Plaintiffs' breach of fiduciary duty claims, which require Plaintiffs to establish the existence of a fiduciary relationship with Defendants. *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020). Defendants assert that to grant Plaintiffs' motion to remand would require the Court to hold that Emara owed a fiduciary

relationship to Plaintiffs.  However, the Court need not make such a finding.  It is sufficient at this stage that the Court find it is possible for Plaintiffs to plead facts sufficient to state a claim for breach of fiduciary duty against Emara.  *C.f. Zaidi v. JP Morgan Chase Bank, N.A.*, 2021 WL 848864, at *7 (E.D.N.Y. Mar. 5, 2021) ("There is generally no fiduciary relationship between a … bank and borrower, … absent allegations about the interactions between the parties that suggests a special relationship of confidence and trust so as to impose a duty.").

For the reasons set forth above, the Court finds that Defendants have failed to demonstrate that there is "no possibility" for Plaintiffs to assert a claim for negligence or breach of fiduciary duty against Emara in state court.  Accordingly, the Court finds that Emara was not joined fraudulently in this action, complete diversity does not exist, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  As such, remand to state court is proper.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand this case to state court is granted.  Accordingly, this case is remanded to the Supreme Court of the State of New York, Queens County under Index No. 731388/2025.

SO ORDERED.

Dated: Brooklyn, New York
        March 10, 2026

_____/s/_____
DORA L. IRIZARRY
United States District Judge

7